ORAL ARGUMENT NOT YET SCHEDULED

BRIEF AND ADDENDUM FOR APPELLEE
————————————

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
————————————

No. 13-3062
————————————

UNITED STATES OF AMERICA,                           Appellee,

v.

JAMES WENDELL BROWN,                              Appellant.


————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
————————————

Vincent H. Cohen, Jr.
Acting United States Attorney

Elizabeth Trosman
Ari Redbord
* Lauren R. Bates, D.C. Bar #975461
Assistant United States Attorneys

* Counsel for Oral Argument
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
(202) 252-6829

Cr. No. 12-CR-155 (RJL)

## CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), appellee hereby states as follows:

### Parties and Amici

The parties to this appeal are appellant, James Wendell Brown, and appellee, the United States of America. The same parties appeared below. There are no *amici*.

### Rulings Under Review

This is an appeal from the June 26, 2013, judgment in Criminal No. 12-155 (Hon. Richard J. Leon), imposing sentencing on one count of distribution of child pornography. Appellant contends that the district court improperly departed upward from the applicable Guidelines range without sufficient justification. There is no official citation to the court's ruling.

### Related Cases

Appellee is unaware of any related cases.

## STATUTES AND REGULATIONS

Pursuant to D.C. Circuit Rule 28(a)(5), appellee states that all pertinent statutes and regulations are contained in the attached Addendum.

# TABLE OF CONTENTS

COUNTERSTATEMENT OF THE CASE ............................................ 1

    Counterstatement of the Facts........................................................ 2

        The Offense Conduct ............................................................... 2

        Appellant's Guilty Plea................................................................ 5

        Appellant's Sentencing ............................................................... 9

SUMMARY OF THE ARGUMENT .............................................. 12

ARGUMENT .................................................................... 13

    The District Court Did Not Err Procedurally or Substantively
    When Imposing Sentence. ............................................................. 13

        A.   Standard of Review and Applicable Legal Principles. ....... 13

        B.   Discussion ...................................................................... 16

            1.   The District Court Did Not Misunderstand the
               Change to the Stipulated Offense Level in the
               Amended Plea Agreement ........................................... 17

            2.   The District Court Gave A Detailed Explanation
               For Its Above-Guidelines Sentence ............................. 19

CONCLUSION ................................................................... 27

# TABLE OF AUTHORITIES*

*Gall v. United States*, 552 U.S. 38 (2007) .........................................13-14

*United States v. Coles*, 403 F.3d 764 (D.C. Cir. 2005) ...........................15

*United States v. Gardellini*, 545 F.3d 1089 (D.C. Cir. 2008)............13, 26

*United States v. Gomez*, 431 F. 3d 818 (D.C. Cir. 2005)...................14-16

*United States v. Jones*, 744 F.3d 1362 (D.C. Cir.),
   *cert. denied*, 135 S. Ct. 8 (2014) ..........................................................14

\* *United States v. Locke*, 664 F.3d 353 (D.C. Cir. 2011) .......... 14-16, 19, 23

*United States v. Olano*, 507 U.S. 725 (1993).........................................15

\* *United States v. Ransom*, 756 F.2d 770 (D.C. Cir. 2014) ......................24

*United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009)..............................26

*United States v. Russell*, 600 F.3d 631 (D.C. Cir. 2010).........................15

*United States v. Saro*, 24 F.3d 283 (D.C. Cir. 1994)..............................15

\* *United States v. Ventura*, 650 F.3d 746 (D.C. Cir. 2011) ......................25

\* *United States v. Warren*, 700 F.3d 528 (D.C. Cir. 2013)........14, 16, 19-22

---

\* Authorities upon which we chiefly rely are marked with asterisks.

# Other Authorities

18 U.S.C. § 2252A(a)(2) ...................................................................... 1, 5, 8

18 U.S.C. § 3553(a) .................................................................. 14, 19-20, 22

18 U.S.C. § 3553(a)(6) ............................................................................. 23

18 U.S.C. § 3553(c) ............................................................................ 15, 23

U.S.S.G. § 2G2.2, Application Note 1 ................................................. 24-25

U.S.S.G. § 2G2.2(b)(4) .............................................................. 2, 6, 11, 17

U.S.S.G. § 2G2.2(b)(5) ............................................................................ 17

## ISSUE PRESENTED

Whether the district court erred in sentencing appellant, where (1) the district court did not misunderstand the applicable enhancements or the applicable Guidelines range, and (2) where the district court gave a detailed explanation for the above-Guidelines sentence, including identifying the specific factors that it considered under 18 U.S.C. § 3553(a).

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――――――――

No. 13-3062

―――――――――――

UNITED STATES OF AMERICA,                    Appellee,

v.

JAMES WENDELL BROWN,                    Appellant.

―――――――――――

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――

BRIEF FOR APPELLEE

―――――――――――

## COUNTERSTATEMENT OF THE CASE

On July 6, 2010, the United States charged appellant by information with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (App. 13-14).[1] On January 30, 2013, appellant pleaded guilty to that charge (App. 6). In conjunction with appellant's

―――――――――――

[1] "App." refers to the appendix filed by appellant.

plea, appellant entered into a signed plea agreement with the United States (App. 15-23). On June 19, 2013, the Honorable Richard J. Leon issued an oral order vacating the January 30, 2013, guilty plea and accompanying plea agreement (App. 8). That same day, appellant again pled guilty to one count of distribution of child pornography (App. 8), pursuant to an amended plea agreement with the United States (App. 24-31).[2] A sentencing hearing was held before Judge Leon on June 26, 2013 (Ap. 8-9). Appellant was sentenced to 144 months of incarceration, to be followed by 240 months of supervised release (App. 73-78). Appellant filed a timely notice of appeal on July 8, 2013 (App. 83).

## Counterstatement of the Facts

### *The Offense Conduct*

Appellant acknowledged as part of his plea agreement that the Statement of Offense proffered by the government "fairly and accurately describe[d] [his] actions and involvement in the offense to

---

[2] As we explain in more detail *infra* at 6-8, after appellant pleaded guilty on January 30, 2013, the parties determined that the four-level increase to appellant's base offense level under U.S.S.G. § 2G2.2(b)(4) did not apply. Accordingly, the amended plea agreement removed this enhancement from the stipulated offense level.

which [he was] pleading guilty" (App. 25). The Statement of Offense that appellant signed included the following information:

On March 5, 2012, appellant initiated a private instant message chat with Metropolitan Police Department Detective Timothy Palchak, who was operating in an undercover capacity (App. 33). During the course of the online conversation, appellant stated, "I used to enjoy my grand daughter but she was taken from me a year ago . . . I only got her to do oral on me . . . her grandma was always to[o] close to do anymore" (App. 34). Appellant added that he "started m[]ine at 2 ½ training her . . . at 3 ½ she could deep throat me . . . she had no gag reflex . . . I used her mouth until 5 when she was taken from me" (*id.*). Appellant informed the undercover officer that he was "looking for a new playmate" and discussed the possibility of meeting the undercover officer and his 12 year-old daughter on March 9, 2012, for purposes of engaging in sexual acts with the purported 12 year-old girl (*id.*). During the online conversation, appellant sent the undercover officer three images of child pornography: (1) a close-up view of a female vagina that appears to be of a child under the age of 18; (2) an image depicting two prepubescent female children masturbating an adult male penis; and

3

(3) an image of two prepubescent female children, both nude with an adult male, with one performing oral sex on the adult male's penis and the other kissing the adult male on the mouth (App. 34-35).

During the course of a subsequent investigation, members of the FBI Child Exploitation Task Force confirmed that appellant was under investigation for sexual abuse charges in Fauquier County, Virginia involving his granddaughters (App. 35). Specifically, one of appellant's granddaughters had disclosed that appellant made her sit on his lap on multiple occasions while he rubbed his clothed penis on her buttocks and that he had rubbed his hands on her unclothed buttocks on more than one occasion (App. 35-36). A witness also reported that she had observed appellant lying in bed with his 3-year-old granddaughter sitting on his lap and straddling him (App. 36). Finally, the government also learned that appellant's biological daughter had alleged that appellant sexually abused her when she was approximately 3 years-old (*id.*).[3]

---

[3] Appellant conceded that the government could prove these incidents of abuse by clear and convincing evidence (App. 36).

4

### *Appellant's Guilty Plea*

On January 30, 2013, appellant and the United States entered into a written pre-indictment plea agreement (App. 15-23). Pursuant to the plea agreement, appellant agreed to plead guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (App. 15). The government agreed that appellant would "not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense"; that "the United States' Attorney's Office for the Eastern District of Virginia agrees not to prosecute [appellant] for the offenses of possession and/or receipt of child pornography"; and that "the Commonwealth Attorney for Fauquier County, Virginia agrees not to prosecute [appellant] for the offenses of possession or receipt of child pornography in connection with the materials found during the search of [appellant's] seized computer and further agrees not to prosecute [appellant] based on allegations of child sexual abuse made by [appellant's] daughter or grand-daughters as set forth in the Statement of the Offense" (App. 16).

The plea agreement also discussed the guidelines and policies promulgated by the United States Sentencing Commission (App. 16).

5

The parties stipulated to the following offense level calculations, noting that the court was not bound by the Sentencing Guidelines and that the court could impose any sentence, up to and including the statutory maximum sentence (App. 16, 18):

### Section 2GG2.2

| | |
|---|---|
| <u>Estimated Base Offense Level</u> | <u>22</u> |
| <u>Applicable Specific Offense Characteristics</u> | |
| 2G2.2(b)(2) - offense involved prepubescent minors or minors under 12 | <u>+2</u> |
| 2G2.2(b)(4) - offense involved sadistic/ masochistic/violent material | <u>+4</u> |
| 2G2.2(b)(3)(F) - distribution other than described in A through E | <u>+2</u> |
| 2G2.2(b)(6) - offense involved use of a computer | <u>+2</u> |
| 2G2.2(b)(5) - offense involved pattern of activity involving the sexual abuse or exploitation of a minor | <u>+5</u> |
| **Acceptance of Responsibility** | <u>-3</u> |
| **Total** | **34 (151-188 months)** |

After appellant pleaded guilty to distribution of child pornography on January 30, 2013 (App. 6), the parties determined that the four-level increase to appellant's base offense level under U.S.S.G. § 2G2.2(b)(4) for offenses involving material that portrays sadistic or masochistic

6

conducts or other depictions of violence did not apply (4/24/13 Tr. 4, 8). The district court indicated that it believed that this was a "very substantial change" that would reduce appellant's stipulated guideline range from "151 to 188 down to 97 to 121" and informed the parties that it was inclined to conduct another plea colloquy given the change (*id.* at 11, 13).

On June 19, 2013, the district court entered an order vacating the January 30, 2013, plea agreement and guilty plea (App. 8). That same day, appellant and the United States entered into an amended written pre-indictment plea agreement (App. 24-32). The parties stipulated to the following amended offense level calculation under the Sentencing Guidelines, again noting that the court was not bound by the Sentencing Guidelines and that the court could impose any sentence up to and including the statutory maximum sentence (App. 25-27):

**Section 2GG2.2**

Estimated Base Offense Level                                   22

Applicable Specific Offense Characteristics

2G2.2(b)(2) - offense involved prepubescent minors
        or minors under 12                                      +2

2G2.2(b)(3)(F) - distribution other than described in
        A through E                                            +2

7

| 2G2.2(b)(6) - offense involved use of a computer | +2 |

2G2.2(b)(5) - offense involved pattern of activity
 involving the sexual abuse or exploitation
 of a minor             +5

## **Acceptance of Responsibility**     -3

**Total**         **30 (97-121 months)**

Pursuant to the amended plea agreement, appellant again agreed to plead guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (App. 24). The amended plea agreement again provided that that appellant would "not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense"; that "the United States' Attorney's Office for the Eastern District of Virginia agrees not to prosecute [appellant] for the offenses of possession and/or receipt of child pornography"; and that "the Commonwealth Attorney for Fauquier County, Virginia agrees not to prosecute [appellant] for the offenses of possession or receipt of child pornography in connection with the materials found during the search of [appellant's] seized computer and further agrees not to prosecute [appellant] based on allegations of child sexual abuse made by [appellant's] daughter or grand-daughters as set forth in the Statement of the Offense" (App. 25).

8

At the June 19, 2013, plea hearing, the court explained that "the parties agreed after the last plea . . . was taken that a particular calculation enhancement, which is a substantial one, it is a four point enhancement, was not really appropriate based on the facts as the parties know the facts to be in the case," "[s]o obviously the Court felt in an abundance of caution that the Plea Agreement should be redrafted with that agreement and understanding memorialized . . . and that we go through the Rule 11 colloquy yet again" (6/19/13 Tr. 3). Appellant acknowledged that he had read, understood, and signed the amended plea agreement, information, and Statement of Offense (*id.* at 9-10, 13-14). Appellant further acknowledged that he understood that "the sentence is up to the Court and that the Guidelines are only one consideration that the Court will take into account along with the 3553(a) factors" (*id.* at 15-16). Following the Rule 11 colloquy, the court accepted appellant's guilty plea (*id.* at 22).

## *Appellant's Sentencing*

Judge Leon conducted a sentencing hearing on June 26, 2013 (App. 8-9). At the outset, the government confirmed that it had agreed as part of the plea agreement not to oppose a sentence at the low end of

9

the applicable Guidelines range and requested that the court sentence appellant to 97 months of incarceration (6/26/13 Tr. 4).[4] The district court expressed concern about whether a sentence of 97 months was sufficient given the nature of the conduct involved in this case and the fact that authorities in Virginia had agreed to forego prosecution for appellant's conduct in Virginia as part of the plea agreement (*id.* at 4-8).

The district court explained:

> This is a very unusual case. I've been on this court 11 years. This is not a normal case. This is a case that has not only interstate transmission of these images. We get some of those. . . . Then we get some cases where there's predatory conduct i.e., people looking to get access to infants, children and looking for others to help them get to them. We get that here, too. . . . But here we have not only those two elements we have a third. We have an admitted track record of molesting children by his own admission. He's acknowledged. Government's got the evidence. And based upon his acknowledgement of that the authorities in Virginia both federal and state have taken a pass in this case in their . . . jurisdiction. (*Id.* at 7-8.)

The district court further pointed out that at the time the parties initially entered into a plea agreement that "locked in" the "authorities in Virginia," they believed that the applicable Guidelines range was 151

---

[4] This concession is not reflected in the written plea agreement.

10

to 188 months (*id.* at 4-5, 36). However, the parties subsequently
determined that a "five-point enhancement"[5] was not applicable which
lowered the applicable Guidelines range to 97 to 121 months (*id.*).

The district court explained that appellant was "a danger to the
public" who engaged in conduct that was "deserving of serious
punishment" (6/26/13 Tr. 33-34). Thus, the court viewed this case as one
"that require[s] at a minimum the high end of the guideline range if not
a variance" (6/26/13 Tr. 35). Specifically, the district court stated:

> In my judgment, this is one of those unusual cases that
> requires a variance upward. In my judgment, 121 is not
> enough. A higher sentence is warranted here to reflect the
> seriousness of your conduct, to punish you appropriately, to
> protect the public and to deter others who may be similarly
> inclined. (*Id.* at 37.)[6]

---

[5] The district court apparently misspoke here. Although it did not
specify to which enhancement it was referring, the only change to the
stipulated Guideline range was the omission of the four-level increase to
appellant's base offense level under U.S.S.G. § 2G2.2(b)(4) for offenses
involving material that portrays sadistic or masochistic conduct or other
depictions of violence (4/24/13 Tr. 4, 8). At the sentencing hearing, the
government explained why it had determined that the four-level
enhancement for sadistic or masochistic conduct was not applicable
(6/26/13 Tr. 6-7).

[6] The district court made clear that it was effecting a variance rather
than departing upward (6/26/13 Tr. 37).

Accordingly, the district court sentenced appellant to 144 months of incarceration, to be followed by 240 months of supervised release (*id.* at 38).

## SUMMARY OF THE ARGUMENT

The district court did not err, much less plainly err, in sentencing appellant to an above-Guidelines sentence of 144 months of incarceration. The district court did not mistakenly believe that the amended plea agreement removed a five-level enhancement for offenses involving a pattern of activity involving the sexual abuse or exploitation of a minor. Further, the district court properly considered the § 3553(a) factors, gave a detailed explanation for its above-Guidelines sentence, and identified the specific factors upon which it relied. In selecting appellant's above-Guidelines sentence, it was not error for the district court to consider the conduct that formed the basis for the five-point pattern-of-activity enhancement. Thus, the court committed no procedural errors. Finally, in light of the totality of appellant's conduct and the circumstances of his offenses, appellant's sentence was "not so unreasonably high . . . as to constitute an abuse of discretion by the

12

district court," *United States v. Gardellini*, 545 F.3d 1089, 1098 (D.C. Cir. 2008), and thus is substantively reasonable as well.

## ARGUMENT

### The District Court Did Not Err Procedurally or Substantively When Imposing Sentence.

Appellant challenges his sentence as unreasonable and claims that the trial court abused its discretion in departing upward from the applicable Guidelines range because it (1) erroneously believed that the amended plea agreement removed a five-level enhancement for offenses involving a pattern of activity involving the sexual abuse or exploitation of a minor and (2) double-counted the conduct that formed the basis for that enhancement without sufficient explanation or justification (Brief for Appellant at 9-16). These claims lacks merit.

### A.    Standard of Review and Applicable Legal Principles.

Appellate review of sentencing decisions "is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). This Court analyzes the reasonableness of a sentence in two steps; first, it "ensures that the district court committed no significant

13

procedural error," such as "improperly calculating[] the Guidelines range," "selecting a sentence based on clearly erroneous facts," or "failing to adequately explain the chosen sentence." *Id.* at 51. If the sentence is procedurally sound, the Court then "consider[s] the substantive reasonableness of the sentence." *Id.* at 51; *see also United States v. Warren*, 700 F.3d 528, 531 (D.C. Cir. 2013) (this Court reviews "the overall reasonableness of the sentence to ensure that it is objectively reasonable in light of the sentencing factors in [18 U.S.C. § 3553(a)]").

In this two-step process, purely legal questions are reviewed de novo, and factual findings are reviewed for clear error, with due deference given to the district court's application of the Guidelines to the facts. *United States v. Jones*, 744 F.3d 1362, 1366 (D.C. Cir.), *cert. denied*, 135 S. Ct. 8 (2014). A claim of sentencing error not raised in the trial court is reviewed for plain error. *United States v. Locke*, 664 F.3d 353, 356 (D.C. Cir. 2011); *United States v. Gomez*, 431 F. 3d 818, 822 (D.C. Cir. 2005).

In order to reverse a sentencing determination under this standard there must be (1) error, (2) that is plain, and (3) that affects

14

substantial rights; if all three conditions are met, this Court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005). Plain error only exists when the error is "obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993). "[A]n appellant seeking to show that an error in the sentencing context has 'affect[ed] substantial rights' must demonstrate 'a reasonable likelihood that the sentencing court's obvious errors affected his sentence.'" *Gomez*, 431 F.3d at 818 (quoting *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994)).

This Court reviews "claims of substantive unreasonableness for abuse of discretion, regardless of whether an objection on those terms were made." *United States v. Russell*, 600 F.3d 631, 633 (D.C. Cir. 2010) ("Substantive reasonableness is the catch-all criterion under which the reviewing court monitors (deferentially - for abuse of discretion) whether the district court has given reasonable weight to all the factors required to be considered"). 18 U.S.C. § 3553(c) does not require "a full opinion in every case" or "the court to address expressly each and every argument advanced by the defendant." *Locke*, 664 F.3d at 357. "In fact,

15

so long as the judge provides a 'reasoned basis for exercising his own legal decisionmaking authority,' [this Court] generally presume[s] that he adequately considered the arguments and will uphold the sentence if it is otherwise reasonable." *Id.* at 358 (citations omitted). This Court will also "ordinarily presume a district court imposing an alternative non-guideline sentence took into account all the factors listed in § 3553(a) and accorded them the appropriate significance." *Warren*, 700 F.3d at 533 ("Warren 'has proffered nothing to rebut that presumption'") (citing *Locke*, 664 F.3d at 358).

## B. Discussion

Appellant claims (at 6-16) that the district court erred because it improperly departed upward from the applicable Guidelines range. Specifically, appellant contends that the district court misunderstood the change to the stipulated offense level in the amended plea agreement (Br. at 9-11) and failed to give a sufficient reason for imposing an upward departure (Br. at 12-16). These claims are reviewed only for plain error because appellant did not object at sentencing. *Gomez*, 431 F. 3d at 822. Appellant cannot show error, much less plain error, in this respect.

16

## 1. The District Court Did Not Misunderstand the Change to the Stipulated Offense Level in the Amended Plea Agreement

The record does not support appellant's claim (at 9-11) that the district court erroneously believed that the amended plea agreement removed the five-level enhancement for offenses involving a pattern of activity involving the sexual abuse or exploitation of a minor. Although the district court misspoke at one point, the record indicates that it was fully aware that the amended plea agreement removed a four-level enhancement under § 2G2.2(b)(4) for offenses involving sadistic or masochistic material, but retained the five-level enhancement under § 2G2.2(b)(5) for offenses involving a pattern of activity involving the sexual abuse or exploitation of a minor.

At the April 24, 2013, status hearing, the parties engaged in a detailed discussion about the nature of the conduct required to support a § 2G2.2(b)(4) enhancement (4/24/13 Tr. 8-9). The parties subsequently entered into an amended plea agreement that removed the § 2G2.2(b)(4) enhancement but clearly retained the separate enhancement under § 2G2.2(b)(5) (App. 25-26). At the June 19, 2013, plea hearing the district court confirmed that it understood that "after the last plea —

17

after the plea was taken that a particular calculation enhancement, which is a substantial one, it is a four point enhancement, was not really appropriate based on the facts as the parties know the facts to be in the case" (6/19/13 Tr. 3).

Although at the June 26, 2013, sentencing hearing the district court incorrectly referenced the removal of a "five-point enhancement" (as opposed to a four-point enhancement), the district court did not indicate that it believed that the pattern-of-activity enhancement had been removed (6/26/13 Tr. 4-5). In fact, the Judgment entered by the district court clearly states that the district court "found that the 4 level enhancement, pursuant to USSG § 2[G]2.2(b)(4) does not apply" (App. 79). Moreover, at the sentencing hearing, the government clarified that the four-point enhancement for offenses involving sadistic or masochistic material was the enhancement that was removed as part of the amended plea agreement (*id.* at 6). Accordingly, given the full record, appellant cannot show that the district court erred, much less plainly erred, in its calculation and understanding of the applicable Guideline range.

18

## 2. The District Court Gave A Detailed Explanation For Its Above-Guidelines Sentence

Appellant further contends (at 12-16) that the district court erred because it failed to explain the reasons for imposing an above-Guidelines sentence of 144 months.[7] This claim is also reviewed for plain error because appellant did not object at sentencing. Appellant cannot show error, much less plain error, in this respect because the district court gave a detailed explanation for its above-Guidelines sentence, including identifying specific factors that it considered under 18 U.S.C. § 3553(a), both at the sentencing hearing in open court, and in its written Statement of Reasons.

"The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., requires the district court to explain, at the time of sentencing and in open court, its reasons for the defendant's sentence." *Warren*, 700 F.3d at 531 (citing *Locke*, 664 F.3d at 357). "Additionally, if a sentence 'is not

---

[7] Appellant argues (at 12) that the "trial court provided insufficient justification for upward departure." However, the trial court did not invoke any departure principles in this case, but rather imposed a sentence outside the advisory sentencing guideline range pursuant to 18 U.S.C. § 3553(a) (6/26/13 Tr. 37; App. 80-81).

of a kind, or is outside the range, described in [the Guidelines],' the court must state the specific reason for the imposition of a sentence different from that described." *Id.* (quoting 18 U.S.C. § 3553(a)). As this Court explained, this requirement ensures that there is an "adequate record so that appellate courts can perform substantive review" and guarantees "that sentencing judges continue to consider every convicted person as an individual." *Id.* (citation omitted).

At sentencing, the court recognized that it was "required by law . . . to look at and analyze the [§ 3553(a) factors] in evaluating the sentencing guideline range and the appropriate sentence in this case" (6/26/13 Tr. 33). The court then stated:

> My highest concern, of course, is to protect the public. I must do that. Punishment is also one of the factors under 3553. The conduct that you've engaged in here is deserving of serious punishment, there's no question about that either. But there's another factor that wasn't talked about much in the arguments before me that's also a very important factor and that is deterrence. And it's not just deterring you. . . . It's to deter others from engaging in this kind of conduct. (*Id.* at 34.)

The court then explained:

> [T]his is not conduct that we normally get around here. We don't get a lot of cases like this. Here we have the [] interstate transmission of these images. We have that combined with what I've referred to as predatory conduct

20

> e.g., reaching out to others to help them – to use them to help you find access to minor children. And what makes it even more unusual as a case there's actual, actual abuse of children that occurred here. And not just once, over a period of time. (*Id.* at 34-35.)

The court also stated that "there is no question . . . that [] you are a danger to the public" (*id.* at 33). Finally, the court pointed out that appellant "got the benefit" of Virginia authorities foregoing prosecution as part of his plea agreement (*id.* at 36). The court recognized that when the Virginia authorities agreed to decline prosecution, the parties believed that the low-end of the applicable Guidelines range was 151 months, but that appellant received "another benefit" when the parties subsequently entered into the amended plea agreement that reduced the applicable Guidelines range (*id.* at 36).

Based on all of these factors, the district court sentenced appellant to 144 months of incarceration. The district court's comments at the sentencing hearing clearly reflect a meaningful discussion of the factors that justified a variance. *See Warren*, 700 F.3d at 532-23 (finding that, unlike the court in *Akhigbe*, the court sentencing Warren "offered more than 'vague generalities'" in support of its above-Guideline sentence). The district court also reiterated its explanation for an above-

21

Guidelines sentence in its written Statement of Reasons (App. 81). *See Warren*, 700 F.3d at 532 ("the form (which was attached to the judgment) explained that the upward variance was based on four factors included in section 3553(a)"); *see also id.* at 533 ("[W]e ordinarily presume a district court imposing an alternative non-guideline sentence took into account all the factors listed in § 3553(a) and accorded them the appropriate significance"). Appellant did not object to the sentence or the manner in which it was imposed and he did not ask the court to consider anything else, including any other factor under 18 U.S.C. § 3553(a).[8]

Appellant claims (at 12) that the court "reject[e]d defense counsel's concern for 'unwarranted disparity' of sentencing." Although the district court stated that it viewed each case as "unique" and "different" and explained that it did not "have a way of micro managing slash studying what [its] colleagues do," the court expressly noted that

---

[8] Appellant's only request was that the court "make a finding as to what the applicable guidelines were" (6/26/13 Tr. 42). In response to that request, the court stated that, "[t]he guideline range is what the guideline range is agreed to between the parties, 97 to 121" (*id.* at 42-43).

it had conducted "a search in our district" for similar cases and "did not find a case in that group that involved any kind of hands on or pattern of activity" (6/26/13 Tr. 12-13, 22, 25).[9] The court also explained that it had to avoid disparity among the sentences that it imposed, that it "kn[ew] the cases [it] had," and that this "was a case that required at a minimum the high end of the guideline range if not a variance" (6/26/13 Tr. 22, 35). Accordingly, the court adequately considered "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. §3553(a)(6). *See Locke*, 664 F.3d at 357 (18 U.S.C. § 3553(c) does not require "a full opinion in every case" or "the court to address expressly each and every argument advanced by the defendant").

Appellant also claims (at 13-16) that the court improperly "double-counted" the conduct that formed the basis for the five-point pattern-of-

---

[9] Contrary to appellant's suggestion (at 12), the court made clear that it was not only concerned with its own "track record" (6/26/13 Tr. 25 ("Don't misconstrue for the record what I said. I said I don't micro manage and study what [other judges] do. . . . I didn't say I didn't care what they did. I mentioned that Judge Robertson had a headline case and he gave 121 months.")).

23

activity enhancement. In selecting appellant's above-Guidelines sentence, the court made clear that it considered not only the fact that appellant had engaged in two or more separate instances of the sexual abuse or sexual exploitation of a minor,[10] but the "unusual" fact that appellant had engaged in three different types of conduct including the "actual abuse of children . . . over a period of time" (6/26/13 Tr. 7-8, 34-35). Appellant did not dispute the court's characterization of his past conduct and the court did not err in considering it in imposing an above-Guidelines sentence. *See, e.g.*, *United States v. Ransom*, 756 F.2d 770, 775 (D.C. Cir. 2014) ("it is not error for a district court to enter sentencing variances based on factors already taken into account by the Advisory Guidelines, in cases in which the Guidelines do not fully account for those factors, or when a district court applies broader § 3553(a) considerations in granting the variance.") (internal quotation and citation omitted); *United States v. Ventura*, 650 F.3d 746, 748-49

---

[10] Application Note 1 to § 2G2.2 defines a "[p]attern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."

24

(D.C. Cir. 2011) (District court did not err in imposing a sentence of 42 months above the guidelines range based on its consideration of the underlying facts of defendant's prior conviction, where those facts were outlined in the PSR and undisputed by the defendant and where the conviction itself had resulted in an eight-level increase in defendant's base offense level to determine the guideline range).[11]

The district court also did not err in considering the fact that Virginia authorities agreed to forego prosecution of appellant's other offenses involving the sexual abuse or sexual exploitation of minors as a substantial "benefit" that appellant received. Appellant would have been eligible for the pattern-of-activity enhancement even without such a declination of prosecution. As Application Note 1 to § 2G2.2 makes clear, the enhancement applies "whether or not the abuse or exploitation . . . resulted in a conviction for such conduct." Thus, there is

---

[11] Appellant's reliance (at 13-16) on cases involving the imposition of an upward departure under Application Note 7 is misplaced given that the district court did not impose an upward departure here (6/26/13 Tr. 37; App. 80-81). Regardless, appellant's admitted pattern of activity, which involved the sexual abuse of two of his grandchildren and his daughter who were all under the age of seven at the time of the abuse, would have justified an upward departure had the district court decided to impose one.

no merit to appellant's suggestion (at 10) that "the court should not have discounted the plea as having conferred a 'benefit' for the Virginia declination, unless it also considered what the guideline range would have been *without* a 'conduct' enhancement." Accordingly, the district court did not err at all, much less plainly err, in imposing an above-Guidelines sentence.[12]

---

[12] For the same reasons, appellant's 144-month sentence was not substantively unreasonable. After outlining the seriousness of appellant's offense conduct, the court concluded that "[a] higher sentence [was] warranted here to reflect the seriousness of [appellant's] conduct, to punish [appellant] appropriately, to protect the public and to deter others who may be similarly inclined" (6/26/13 Tr. 37). Thus, "in light of the circumstances of the offense and offender," appellant's sentence was "not so unreasonably high . . . as to constitute an abuse of discretion by the district court." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008); *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (analogizing substantive unreasonableness review to manifest-injustice and shocks-the-conscience standards).

## CONCLUSION

WHEREFORE, the government respectfully submits that the judgment of the District Court should be affirmed.

Respectfully submitted,

VINCENT H. COHEN, JR.
Acting United States Attorney

ELIZABETH TROSMAN
ARI REDBORD
Assistant United States Attorneys

/s/

LAUREN R. BATES, D.C. Bar #975461
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(a)(7)(C) that this brief contains 5,246 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(a)(1), and therefore complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). This brief has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
_____
LAUREN R. BATES
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing Brief for Appellee to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Barbara E. Kittay, Esq., 11140 Rockville Pike, Suite 100-284, Rockville, Maryland 20852, on this 2nd day of April, 2015.

/s/
_____
LAUREN R. BATES
Assistant United States Attorney

# ADDENDUM

# I N D E X

18 U.S.C. § 3553(a) ........................................................................... Add. 1

U.S.S.G. § 2G2.2 .............................................................................. Add. 3

☞

**Effective: May 27, 2010**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    Part II. Criminal Procedure
      ▸▣ Chapter 227. Sentences (Refs & Annos)
        ▸▣ Subchapter A. General Provisions (Refs & Annos)
          ➡➡ **§ 3553. Imposition of a sentence**

**(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

  **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

  **(2)** the need for the sentence imposed--

    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    **(B)** to afford adequate deterrence to criminal conduct;

    **(C)** to protect the public from further crimes of the defendant; and

    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  **(3)** the kinds of sentences available;

  **(4)** the kinds of sentence and the sentencing range established for--

    **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

      **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code,

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [FN1]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

(b) Application of guidelines in imposing a sentence.--

(1) In general.--Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

(2) Child crimes and sexual offenses.--

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Add. 2

*The misrepresentation to which the enhancement in subsection (b)(6)(A) may apply includes misrepresentation of a participant's name, age, occupation, gender, or status, as long as the misrepresentation was made with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material or for the purpose of transmitting such material live. Accordingly, use of a computer screen name, without such intent, would not be a sufficient basis for application of the enhancement.*

(B)    *Use of a Computer or an Interactive Computer Service.—Subsection (b)(6)(B) provides an enhancement if the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material or for the purpose of transmitting such material live or otherwise to solicit participation by a minor in such conduct for such purposes. Subsection (b)(6)(B) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement would not apply to the use of a computer or an interactive computer service to obtain airline tickets for the minor from an airline's Internet site.*

5.    *Application of Subsection (d)(1).—For the purposes of Chapter Three, Part D (Multiple Counts), each minor exploited is to be treated as a separate minor. Consequently, multiple counts involving the exploitation of different minors are not to be grouped together under §3D1.2 (Groups of Closely Related Counts). Subsection (d)(1) directs that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction.*

6.    *Upward Departure Provision.—An upward departure may be warranted if the offense involved more than 10 minors.*

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendment 161); November 1, 1990 (see Appendix C, amendment 324); November 1, 1991 (see Appendix C, amendment 400); November 1, 1996 (see Appendix C, amendment 537); November 1, 1997 (see Appendix C, amendment 575); November 1, 2000 (see Appendix C, amendment 592); May 1, 2001 (see Appendix C, amendment 612); November 1, 2001 (see Appendix C, amendment 627); November 1, 2003 (see Appendix C, amendment 661); November 1, 2004 (see Appendix C, amendment 664); November 1, 2009 (see Appendix C, amendments 733, 736, and 737).

§2G2.2.    **Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, Soliciting, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic; Possessing Material Involving the Sexual Exploitation of a Minor**

(a)    Base Offense Level:

     (1)    **18**, if the defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), § 2252A(a)(5), or § 2252A(a)(7).

Add. 3

      (2)    **22**, otherwise.

(b)    Specific Offense Characteristics

      (1)    If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by **2** levels.

      (2)    If the material involved a prepubescent minor or a minor who had not attained the age of 12 years, increase by **2** levels.

      (3)    (Apply the greatest) If the offense involved:

          (A)    Distribution for pecuniary gain, increase by the number of levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than **5** levels.

          (B)    Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by **5** levels.

          (C)    Distribution to a minor, increase by **5** levels.

          (D)    Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E), increase by **6** levels.

          (E)    Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by **7** levels.

          (F)    Distribution other than distribution described in subdivisions (A) through (E), increase by **2** levels.

      (4)    If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by **4** levels.

      (5)    If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by **5** levels.

      (6)    If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by **2** levels.

      (7)    If the offense involved—

(A)      at least 10 images, but fewer than 150, increase by **2** levels;

(B)      at least 150 images, but fewer than 300, increase by **3** levels;

(C)      at least 300 images, but fewer than 600, increase by **4** levels; and

(D)      600 or more images, increase by **5** levels.

(c)     Cross Reference

(1)     If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply §2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.

*Commentary*

*Statutory Provisions:*   *18 U.S.C. §§ 1466A, 2252, 2252A(a)-(b), 2260(b).*

*Application Notes:*

1.    *Definitions.—For purposes of this guideline:*

*"Computer" has the meaning given that term in 18 U.S.C. § 1030(e)(1).*

*"Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.*

*"Distribution for pecuniary gain" means distribution for profit.*

*"Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit. "Thing of value" means anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.*

*"Distribution to a minor" means the knowing distribution to an individual who is a minor at the time of the offense.*

– 213 –

Add. 5

*"Interactive computer service" has the meaning given that term in section 230(e)(2) of the Communications Act of 1934 (47 U.S.C. § 230(f)(2)).*

*"Material" includes a visual depiction, as defined in 18 U.S.C. § 2256.*

*"Minor" means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.*

*"Pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.*

*"Prohibited sexual conduct" has the meaning given that term in Application Note 1 of the Commentary to §2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse).*

*"Sexual abuse or exploitation" means any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)-(c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B). "Sexual abuse or exploitation" does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor.*

2.    *Application of Subsection (b)(4).—Subsection (b)(4) applies if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, regardless of whether the defendant specifically intended to possess, access with intent to view, receive, or distribute such materials.*

3.    *Application of Subsection (b)(5).—A conviction taken into account under subsection (b)(5) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).*

4.    *Application of Subsection (b)(7).—*

    (A)    *Definition of "Images".—"Images" means any visual depiction, as defined in 18 U.S.C. § 2256(5), that constitutes child pornography, as defined in 18 U.S.C. § 2256(8).*

    (B)    *Determining the Number of Images.—For purposes of determining the number of images under subsection (b)(7):*

        (i)    *Each photograph, picture, computer or computer-generated image, or any similar visual depiction shall be considered to be one image.  If the number of*

           *images substantially underrepresents the number of minors depicted, an upward departure may be warranted.*

      (ii)    *Each video, video-clip, movie, or similar visual depiction shall be considered to have 75 images. If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted.*

5.    *Application of Subsection (c)(1).*—

    (A)    *In General.*—The cross reference in subsection (c)(1) is to be construed broadly and includes all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting live any visual depiction of such conduct.

    (B)    *Definition.*—"Sexually explicit conduct" has the meaning given that term in 18 U.S.C. § 2256(2).

6.    *Cases Involving Adapted or Modified Depictions.*—If the offense involved material that is an adapted or modified depiction of an identifiable minor (e.g., a case in which the defendant is convicted under 18 U.S.C. § 2252A(a)(7)), the term "material involving the sexual exploitation of a minor" includes such material.

7.    *Upward Departure Provision.*—If the defendant engaged in the sexual abuse or exploitation of a minor at any time (whether or not such abuse or exploitation occurred during the course of the offense or resulted in a conviction for such conduct) and subsection (b)(5) does not apply, an upward departure may be warranted. In addition, an upward departure may be warranted if the defendant received an enhancement under subsection (b)(5) but that enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved.

*Background:* Section 401(i)(1)(C) of Public Law 108–21 directly amended subsection (b) to add subdivision (7), effective April 30, 2003.

Historical Note: Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 31); November 1, 1990 (see Appendix C, amendment 325); November 1, 1991 (see Appendix C, amendment 372); November 27, 1991 (see Appendix C, amendment 435); November 1, 1996 (see Appendix C, amendment 537); November 1, 1997 (see Appendix C, amendment 575); November 1, 2000 (see Appendix C, amendment 592); November 1, 2001 (see Appendix C, amendment 615); April 30, 2003 (see Appendix C, amendment 649); November 1, 2003 (see Appendix C, amendment 661); November 1, 2004 (see Appendix C, amendment 664); November 1, 2009 (see Appendix C, amendments 733 and 736).


## §2G2.3.    Selling or Buying of Children for Use in the Production of Pornography

    (a)    Base Offense Level: **38**


*Commentary*

Add. 7