ORAL ARGUMENT NOT YET SCHEDULED
REPLY BRIEF FOR APPELLANT
_____

## No. 13-3062
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

UNITED STATES OF AMERICA,                    Appellee,

      v.

JAMES WENDELL BROWN,                    Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

## REPLY BRIEF FOR APPELLANT
_____

Barbara E. Kittay, Esquire
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216

11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

Crim. No. 12-CR-155 (RJL)

# **I N D E X**

Page

SUMMARY OF THE ARGUMENT IN REPLY . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . 2

    1. The correct standard of review is
       "deferential abuse-of-discretion,"
       not "plain error" . . . . . . . . . . . 2

    2. The trial court's statement of reasons was
       insufficient by any standard . . . . . . 8

    3. The government's opinion that the trial
       court "misspoke" is unsupported by the
       record . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . 18

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Gall v. United States*, 552 U.S. 38 (2007)  . . .  7

*In re Sealed Case*, 527 F.3d 188
    (D.C. Cir. 2008)  . . . . . . . . . . . . . 9

**\****United States v. Akhigbe*, 642 F.3d 1078
    (D.C. Cir. 2011)  . . . . . . . . . . . . . 9

*United States v. Locke*, 664 F.3d 353
    (D.C. Cir. 2011)  . . . . . . . . . . . . 11

*United States v. Ransom,* 756 F.3d 770
    (D.C. Cir. 2014)  . . . . . . . . . . . . 11

*United States v. Reingold*, 731 F.3d 204
    (2d Cir. 2013)  . . . . . . . . . . . . . 7

*United States v. Ventura*, 650 F.3d 746
    (D.C. Cir. 2011). . . . . . . . . . . . . 12

*United States v. Warren*, 700 F.3d 528
    (D.C. Cir. 2013)  . . . . . . . . . . . . 12

---

**\***      **Authorities upon which we chiefly rely are marked with asterisks.**

## STATUTES AND OTHER REFERENCES

18 U.S.C. §3553(a) . . . . . . . . . . . . . . . . 8
18 U.S.C. §3553(b) . . . . . . . . . . . . . . . . 9
18 U.S.C. §3553(c) . . . . . . . . . . . . . . . . 9
18 U.S.C. §3553(c)(2) . . . . . . . . . . . . . . 9

USSG §1A1.1(4)(b) . . . . . . . . . . . . . . . . 9
USSG §2G2.2(b)(4) . . . . . . . . . . . . . . . . 13
USSG §2G2.2(b)(5) . . . . . . . . . . . . . . 13, 15
USSG §2G2.2, Application Note 7 . . . . . . . . 15

FRAP 32(a)(7)(C) . . . . . . . . . . . . . . . . 17
FRAP 32(a)(7)(B)(ii) . . . . . . . . . . . . . . 17

iv

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

─────────────────────────────

No. 13-3062

─────────────────────────────

UNITED STATES OF AMERICA,                    Appellee,

v.

JAMES WENDELL BROWN,                         Appellant.

─────────────────────────────

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
─────────────────────────────

REPLY BRIEF FOR APPELLANT
─────────────────────────────

## SUMMARY OF THE ARGUMENT IN REPLY

The government's claim to "plain error" review, here, ignores trial counsel's repeated complaints that the court was giving inadequate consideration to the agreed-upon five-level increase for appellant's pattern of misconduct with child victims.  Subsequently, the trial court issued a statement of reasons that was insufficient by any

standard of review, because it gave no explanation why a guidelines sentence more than three times that of the base offense level was insufficient to account for the defendant's conduct.

Finally, the record is, at best, ambiguous with respect to the trial court's understanding that the five-level penalty (for the pattern of abuse of minors) was still part of the negotiated offense level, and does not support by the government's opinion that the trial court merely "misspoke" when it stated that the enhancement had been "taken away."

<u>**ARGUMENT**</u>

1. **The correct standard of review is "deferential abuse-of-discretion," not "plain error."**

The government cites a wide range of standards that govern the review of federal sentencing decisions (*see* Brief for Appellee at 13-16), but ultimately settles on the argument that "because appellant did not object at sentencing," this

Court's review is for plain error (*id.* At 16).
Because the record is clear that appellant did
object, the government's position is without merit.

Appellant's trial counsel argued initially,
consistently, and repeatedly, that the trial court
was giving inadequate consideration of the
significant enhancement of sentence that appellant
had agreed to accept.  After a brief mention of
preliminary matters, counsel's very first argument,
at sentencing, addressed the trial court's
displeasure that Virginia authorities had agreed to
decline prosecution for his conduct with minor
victims (Sent'g Tr. 17, JA 126).  In the face of
repeated criticism, trial counsel argued that
appellant's concession was "a significant
enhancement … a five-point enhancement" (Sent'g Tr.
18, JA 127).

Then, having argued in vain that the trial
court should consider sentences historically
imposed by judges who view that the child

- 3 -

pornography guideline as overly harsh, counsel again tried to persuade the trial court that the negotiated guideline range "takes into account the five-point enhancement as well as the other applicable enhancements, like them or not" (Sent'g Tr. 27, JA 136).

Nevertheless, when defense counsel finally requested that "the court make a finding as to what the applicable guidelines were" (Sent'g Tr. 42, JA 151), the court again conflated the eliminated four-level enhancement for "sadistic or masochistic material," with the agreed-upon and still-present five-level enhancement for "pattern of activity involving the sexual abuse or exploitation of a minor":

> THE COURT:  [T]he Court took the plea with a guideline range of 155 to 188.  And it was only at the 11th hour and 58 minute when I was about to sentence this defendant to a sentence within that range which the government had bound itself to, in which the defense had bound itself to, that I was informed that all of a sudden no, no, no, there's a difference.  We've refigured it out *[sic]*.  We've got a whole

new range.  And I was the one who said
well then we need to redo the whole plea.
We'll do the plea all over again and I
insisted on it.  And that's exactly what
we did.  Because it didn't make sense to
me to have a set of pleadings inconsistent
with what the new guideline range was that
the parties had determined was the
appropriate one under the circumstances.

 Now when you made your argument today,
Ms. Quint, you said that you made a
decision to forego … fighting the issue.

 MS. QUINT:  Fighting the pattern of
conduct issue.

 THE COURT:  Right.  When you made the
initial deal you were foregoing
challenging the enhancement.  That's what
you said.

 MS. QUINT:  Right, and we did not
challenge it.

 THE COURT:  Right.  I didn't even know
that until you said that today.  Until you
said that today I had no idea because the
Court isn't privy to plea negotiations.  I
didn't know that as part of your plea
negotiation with [the prosecutor], you
said well, we'll agree to the range 151 to
188, but we'll forego challenging.  We
don't agree that that four-point *[sic]*
enhancement is applicable, but you know,
we'[ll] agree to that as the agreed upon
guideline range for the purposes of this
plea agreement.  We'll forego it.  We
won't fight it.  So I mean you're the one
who told me that.

MS. QUINT:  Right, that was the five-point, the pattern of conduct activity.

THE COURT:  So I'm getting a window into these types of negotiations that I'm not privy to.  I didn't even know about that.

MS. QUINT:  I raised it to show the other side of –

THE COURT:  I don't know why you're –- obviously you're doing what you're doing for the benefit of appellate counsel.  I understand what you're doing right now, you're trying to better position your case, at least you think better position yourself for your appellate counsel.  Because you now have the option to because the Court did a variance you have the option to appeal the Court's ruling.  If I had given you a guideline range sentence 121, you couldn't appeal it.

MS QUINT:  I'm aware of that, your Honor.  I just had heard the Court say repeatedly that he had benefitted from one plea to the next.  And I just wanted to make clear that we believed the initial one was wrong and that would have been unfair to [appellant].

(Sent'g Tr. 43-45, JA 152-54).

Appellant does not argue -- by any means -- that the court's reasoning or ruling is clear, from this record.  Indeed, it is quite unclear (*see,*

- 6 -

*infra,* Section 3, at 9).  But we do argue, here, that trial counsel adequately preserved her objection to the trial court's failure either to acknowledge or to credit sufficiently the five-level sentencing enhancement that had been applied to his sentencing guideline range, to account for a "pattern" of behavior involving minor victims.

Appellant argues, therefore, that the government is in error, when it argues for a "plain error" standard of review.  Appellant believes that this Court should review *de novo* the appropriate application of the U.S. Sentencing Guidelines (USSG), giving deference to the trial court's findings of fact, *see United States v. Reingold,* 731 F.3d 204, 222 (2d Cir. 2013), and should apply a "deferential abuse-of-discretion" standard to determine whether the sentence imposed by the trial court is "reasonable," *see Gall v. United States,* 552 U.S. 38, 41 (2007).

## 2.    The trial court's statement of reasons was insufficient by any standard.

The government argues again, that "because appellant did not object at sentencing," his complaint that the trial court issued an insufficient Statement of Reasons is reviewed for plain error.  *See* Brief for Appellee at 19.  By any standard, the trial court's Statement of Reasons was insufficient.

The trial court's Statement of Reasons (filed a week after the sentencing hearing) contains, in its entirety, four boxes checked to indicate factors of 18 U.S.C. §3553(a) that the court found applicable, and the following two sentences purporting to explain the "facts justifying a sentence outside the advisory guideline system":

> Defendant transmitted child pornography inter-state via the internet; engaged in predatory behavior; and had actual hands-on victims. Court also referred to pertinent factors under 18 USC §3553(a).

*See* JA 81.

Each of the circumstances cited by the trial court -- distribution, use of the internet, and predatory behavior of actual victims -- are taken into consideration adequately in the USSG structure (*see* USSG §1A1.1(4)(b), *citing* 18 U.S.C. §3553(b)), and are incorporated into the adjusted guidelines level set forth in this plea agreement. Accordingly, it was incumbent upon the trial court to explain why those enhancements, as applied, were insufficient, without more, to address appellant's conduct.

> Once the district court determines the sentence, section 3553(c) requires it to "state in open court the reasons for its imposition of the particular sentence," and if the sentence falls outside the advisory Guidelines range, to provide "the specific reason" for the departure or variance. 18 U.S.C. § 3553(c)(2). The court must also articulate in writing and "with specificity" its reasons for departing or varying from the advisory Guidelines. *Id.* "When a district judge fails to provide a statement of reasons, as [section] 3553(c) requires, the sentence is imposed in violation of law."

*United States v. Akhigbe*, 642 F.3d 1078, 1084 (D.C. Cir. 2011), *quoting In re Sealed Case,* 527 F.3d 188, 191 (D.C. Cir. 2008).

At best, the court's explanation appears to be that the mere *combination* of factors was justification for additional punishment (*see* Sent'g Tr. 7-8, JA 116-17). But this argument can be made in any case involving multiple enhancements and adjustments, and in most cases, the cumulative effect of the adjustments is more than sufficient. Here, the resulting eleven-level increase (from base offense level 22, with a guideline range of **41-51** months before adjustment for acceptance of responsibility, to a level 33, with a guideline range of **135-168**, without the same adjustment) increased the range of appellant's guidelines sentence over the base offense level by 330 percent. The trial court gave no reason, much less a detailed explanation, to support an upward

variance from this already significant enhancement,
under the guidelines.

The cases cited by the government are
unavailing. In *United States v. Locke*, 664 F.3d
353 (D.C. Cir. 2011), the appellant's claim that
the trial court failed to consider two specific
mitigating factors was belied by the record, which
demonstrated an "extended colloquy" regarding those
issues (*id.* At 373). Here, at best, the record
demonstrates confusion about the trial court's
understanding of the application of a penalty for
conduct with minor victims; at worst, it suggests
that the trial court believed the enhancement to
have been abandoned. In other cases cited by the
government, this Court found actual, detailed
findings present (or incorporated by reference) in
the Statement of Reasons. *See, e.g., United States
v. Ransom*, 756 F.3d 770, 774 (D.C. Cir. 2014)(the
trial court detailed every enhancement and the
defendant's prior criminal history, then it "echoed

its detailed explanation for an above-Guidelines sentence in its written Statement of Reasons"); *United States v. Warren,* 700 F.3d 528, 532 (D.C. Cir. 2013) ("[T]he transcript, which was incorporated by reference, into the statement of reasons form, contained the district court's entire oral explanation of the sentence, including the upward variance, along with the court's annotations"); *United States v. Ventura,* 650 F.3d 746, 751 (D.C. Cir. 2011) (case twice reversed and remanded until the district court set forth sufficient factual findings for an upward variance).

Here, the trial court issued no findings, much less detailed findings, to explain why the guidelines enhancements -- which increased his sentence by nearly 330% -- were insufficient to account for the special nature of his conduct.

3.  **The government's opinion that the trial court "misspoke" is unsupported by the record**

The government argues that "[a]lthough the district court *misspoke at one point*, the record indicates that it was fully aware that the plea agreement removed a four-level enhancement under §2G2.2(b)(4) for offenses involving sadistic or masochistic material, but retained the five-level enhancement under §2G2.2(b)(5) for offenses involving a pattern of activity involving the sexual abuse or exploitation of a minor" (*see* Brief for Appellee at 17) (emphasis supplied).  Appellant replies: (1) that this Court, in review, is fully capable of interpreting the record without the government's opinion regarding the trial court's state of mind; (2) that the trial court's erroneous references to the eliminated enhancement appear more than "at one point"; and (3) that the record is anything but clear of that the trial court was "fully aware" of the elements of the adjusted

offense level.  For these reasons, appellant asks
that this Court disregard the government's opinion
that the trial court merely "misspoke," and offers
these examples of a muddy record:

First, the court noted that the plea agreement
was amended, "upon closer reflection or closer
inspection, whatever, that the enhancement, five-
point *[sic]* enhancement actually wasn't"
appropriate (*see* Sent'g Tr. 4, JA 113).  Very soon
thereafter, the court again notes, that "[t]he
government now all of a sudden with the five *[sic]*
credit enhancement taken away changes dramatically
the guideline range (*see* Sent'g Tr. 5, JA 114).

And finally, we note again, the trial court's
exchange with defense counsel, conflating counsel's
"decision to forego … fighting the issue" of the
"pattern of conduct issue" with "that four-point
*[sic]* enhancement" that caused the parties to
"refigure[] … a whole new range" (Sent'g Tr. 43-44,
JA 152-53).

As stated in his opening Brief, appellant again accepts the consequences of his conduct involving his daughter and granddaughter, and he humbly agrees that his behavior merits an enhancement for "pattern of activity involving the sexual abuse or exploitation of a minor," under §2G2.2(b)(5).  But he does not agree with the government that the trial court "misspoke at one point" about the application of this enhancement, and he does not believe that the trial court explained adequately why this very harsh enhancement was insufficient. Because the trial court has offered no adequate explanation why the "[pattern] enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved" (*see* USSG §2G2.2, Application Note 7), appellant again requests that his case be remanded to the trial court, for re-sentencing.

## CONCLUSION

For all of the reasons set forth herein, appellant respectfully requests again that his case be remanded to the district court for re-sentencing.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel for Appellant hereby certifies that this Reply Brief complies with the type-volume limitation of Rule 32(a)(7)(B)(ii).  As measured by the word processing system used to prepare this Brief, there are 3,123 words in this Reply Brief.

_____

BARBARA KITTAY
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216

11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have filed the foregoing Brief for Appellant with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on April 9, 2015.

The following is a registered CM/ECF user and will be served by the appellate CM/EC system and will be provided with paper copies of the reply brief, by first class, U.S. Mail, this ninth day of April, 2015:  Lauren Rhees Bates, Assistant U.S. Attorney, District of Columbia, counsel for appellee.


_____
Barbara E. Kittay