# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 21, 2015      Decided December 15, 2015

No. 13-3062

UNITED STATES OF AMERICA,
APPELLEE

v.

JAMES WENDELL BROWN, ALSO KNOWN AS JIMMY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00155-1)

*Barbara E. Kittay*, appointed by the court, argued the cause and filed the briefs for appellant.

*Lauren R. Bates*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Vincent H. Cohen Jr.*, Acting U.S. Attorney, and *Elizabeth Trosman*, Assistant U.S. Attorney.

Before: HENDERSON, *Circuit Judge*, and EDWARDS and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

2

Dissenting opinion filed by *Senior Circuit Judge* SENTELLE.

EDWARDS, *Senior Circuit Judge*: The Sentencing Reform Act of 1984, governing imposition of criminal sentences in federal courts, 18 U.S.C. § 3551 *et seq.*, imposes certain "indispensable" procedural obligations on sentencing judges. *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008). Among these obligations are the requirements of 18 U.S.C. § 3553(c), which prescribe how trial judges must explain their sentencing decisions. *See id.*

The nature and degree of explanation required by § 3553(c) varies depending on how a proposed sentence compares to the recommended sentencing range calculated under the advisory United States Sentencing Guidelines ("Guidelines"). When the District Court imposes a term of incarceration that is outside the Guidelines range, as is the case here, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50 (2007). In addition, the trial judge must, in open court, state "the specific reason for the imposition of a sentence different from that described" by the appropriate Guidelines calculation. 18 U.S.C. § 3553(c)(2). Section 3553(c)(2) additionally requires that those reasons "be stated with specificity" in writing. Moreover, when the prison term imposed is above the properly calculated advisory Guidelines range, the district judge must "state 'the specific reason' . . . why the defendant's conduct was more harmful or egregious than the typical case" represented by that range. *United States v. Nicely*, 492 F. App'x 119, 121 (D.C. Cir. 2012) (quoting 18 U.S.C. § 3553(c)(2)) (citing *United States v. Akhigbe*, 642 F.3d 1078, 1086 (D.C. Cir. 2011) and *In re Sealed Case*, 527 F.3d at 192). "This . . . precedent reflects the Supreme Court's

3

interpretation of the Sentencing Act's requirements in *Gall*, 552 U.S. at 49-51, and *Rita v. United States*, 551 U.S. 338, 356 (2007)." *Nicely*, 492 F. App'x at 121.

Before the District Court, appellant James Brown pled to one count of distribution of child pornography based on the internet transmission of three photographs in violation of 18 U.S.C. § 2252A(a)(2). The offense is punishable by a mandatory minimum of no less than five years of imprisonment and no more than 20 when, as here, a defendant has no prior convictions of a similar nature. *See* 18 U.S.C. § 2252A(b)(1). The Guidelines sentencing range applicable to Brown is 97 to 121 months, reflecting an eleven-level increase based on four offense-characteristic enhancements and one three-level reduction. Government and defense counsel both argued for a bottom of the range 97-month (eight years and one month) term of incarceration. The trial judge sentenced Brown to 144 months (12 years) to be followed by 240 months (20 years) of supervised release. This period of incarceration exceeded the high end of the Guidelines range by 23 months and the low end by 47 months.

Brown offers two procedural arguments in support of his contention that his sentence was illegally imposed. First, he argues that the above-Guidelines sentence should be set aside because it resulted from the trial judge's mistaken belief that the applicable Guidelines calculation did not take account of a five-level offense-characteristic enhancement to which Brown admitted as part of his plea. For the reasons discussed below, we find that this contention is not supported by the record.

Brown also argues that the District Court's explanation of the above-Guidelines sentence was insufficient as a procedural matter under § 3553(c)(2). We agree. Because we are unable to discern from the trial judge's unparticularized

4

in-court and written explanations why he found the defendant's conduct more harmful or egregious than that typically falling within the properly calculated Guidelines range of 97 to 121 months, the sentence violates § 3553(c)(2). *See Akhigbe*, 642 F.3d at 1086-88. Although Brown failed to preserve a § 3553(c)(2) challenge, the District Court's clearly insufficient explanation of the sentence meets the four-part plain error test under the law of the circuit. *See id.* at 1087-88 (citing *In re Sealed Case*, 527 F.3d at 193). We therefore exercise our discretion to notice the error, vacate the sentence, and remand for resentencing.

Appellant also challenges the substantive reasonableness of his sentence. Because we are unable to discern the sentencing judge's rationale for imposing an above-Guidelines sentence, we are unable to address appellant's substantive claim. *See Gall*, 552 U.S. at 51.

**I. Background**

Brown's plea was the result of an online conversation that he initiated with a Metropolitan Police Department undercover detective in March of 2012. During that conversation, Brown expressed an interest in meeting the detective's fictional 12-year-old daughter for the purpose of engaging in sexual acts. He also described sexual acts that he had previously engaged in with his then three-year-old granddaughter and sent the detective three images of child pornography. During the subsequent investigation into the online chat, law enforcement authorities confirmed that there were open charges in Fauquier County, Virginia, involving allegations that appellant had sexually abused two of his granddaughters. The U.S. Attorney's Office additionally learned that Brown's 14-year-old daughter had, at age six, alleged that when she was approximately three years old

5

Brown had sexually abused her. Statement of the Offense, *reprinted in* Joint Appendix ("J.A.") 33-37.

The Government charged Brown by information with one count of distribution of child pornography. Brown entered a pre-indictment plea on January 30, 2013, based on a Statement of the Offense that included facts supporting the allegations that Brown had sexually abused his daughter and granddaughters. At some point before the sentencing date, the prosecutor and defense counsel realized that the plea agreement included a stipulation to an incorrect Guidelines calculation. The parties' agreement listed five offense-characteristic enhancements. First Plea Agreement, *reprinted in* J.A. 16-17. One, a four-level enhancement for pornography involving masochistic material, was mistakenly included without a basis in either law or fact. *See* Plea Tr., *reprinted in* J.A. 86-88; *see also* Sent. Tr., *reprinted in* J.A. 115-16. With the improper inclusion of that four-level offense characteristic, the recommended Guidelines incarceration range was 151 to 181 months. First Plea Agreement, J.A. 17.

At the suggestion of the trial judge, the initial plea was withdrawn. *See* Plea Tr., J.A. 86. On June 19, 2013, appellant pled pursuant to a new agreement based on the original Statement of the Offense; however, the agreement incorporated a stipulation to a properly calculated Guidelines range. *See id.* at 87-88. The recalculated range retained (1) a two-level increase under § 2G2.2(b)(2) because the offense involved minors under age 12; (2) a two-level increase under § 2G2.2(b)(6) for use of a computer; (3) a two-level increase under § 2G2.2(b)(3)(F) because the distribution at issue did not fit within any other section 3 category; and (4) a five-level pattern of activity increase under § 2G2.2(b)(5) made possible by Brown's admissions regarding his granddaughters and daughter. This calculation, like the first one, included a three-

6

level decrease for acceptance of responsibility. The resulting sentencing range was 97 to 121 months. *See* Second Plea Agreement, *reprinted in* J.A. 25-26.

The second agreement, like the first, provided that in consideration of Brown's plea, the U.S. Attorney's Office for the District of Columbia would not further prosecute him for any conduct set forth in the Statement of the Offense, the U.S. Attorney's Office for the Eastern District of Virginia would not prosecute him for possession or receipt of child pornography, and the Fauquier County prosecutor's office would not prosecute him for the behavior on which the five-level pattern of activity enhancement was based. *See id.* at 16, 25.

In a Memorandum in Aid of Sentencing, as well as during the sentencing colloquy held on June 26, 2013, Government counsel maintained that a 97-month term of incarceration was appropriate in light of the sentencing factors specified in 18 U.S.C. § 3553(a). Noting the "deeply disturbing" nature of Brown's solicitation of the undercover officer's fictional 12-year-old daughter, Brown's sexual contact with his daughter and granddaughters, and the harm inflicted on children who are the subject of pornography, the prosecutor argued that a 97-month prison term would adequately protect the public and punish Brown. *See* Government's Memorandum in Aid of Sentencing ("Gov't Memo"), *reprinted in* J.A. 50-54; *see also* Sent. Tr., J.A. 120-21. Government counsel also cited two comparable cases in which a similar sentence had been imposed by other District Court judges in the Circuit. *See* Gov't Memo, J.A. 53-54; *see also* Sent. Tr., J.A. 122-24 (discussing one of those cases). In concluding the colloquy, the prosecutor explained that while the Government was bound not to oppose a sentence at the low end of the Guidelines range as a result of the plea

7

agreement, it was, "frankly," seeking a 97-month sentence "because it's a just sentence in this case." Sent. Tr., J.A. 125.

Defense counsel initially argued for a downward variance resting largely on the argument that the Guidelines provisions pertaining to child pornography are viewed by many courts with skepticism as having been driven more by congressionally imposed mandatory minimum sentences than the sort of empirical data and national experience that shapes much of the Sentencing Commission's work. *See* Brown's Memorandum in Aid of Sentencing, *reprinted in* J.A. 58-62. Defense counsel pointed out that individuals like Brown, who email a few images only to one person, receive nearly the same enhancements as large-scale commercial traffickers in child pornography. *See id.* at 61. Thus, according to defense counsel, a number of judges in other courts and in this Circuit have imposed below-Guidelines sentences in cases comparable to appellant's. *See id.* at 62-69; *see also* Sent. Tr., J.A. 128-30.

In response to defense counsel's argument for a downward variance, the trial judge stated that he had a "track record" "of rejecting time and again the government's request[s] as too low." Sent. Tr., J.A. 130. The judge also stated that there was "no chance, zero, that [he] would vary below the guideline range," *id.* at 132, and suggested that counsel focus her argument on how "the low end of the range applying those 3553 factors . . . makes sense," *id.* at 133. Defense counsel then joined the Government in advocating for a 97-month prison term. *See id.* at 133-38.

At the conclusion of counsels' arguments and after hearing from Brown and Brown's mother, the District Court offered its explanation of the sentence imposed. It began by noting that it understood its duty to consider the § 3553(a)

8

factors in evaluating the Guidelines range and determining an appropriate sentence. *See id.* at 142. The trial judge then asserted that Brown was a danger to the public, saying: "There's just no question about that in my mind, zero." *Id.* After pointing out that by pleading, appellant had avoided, "at least in this Court[,] . . . a very high sentence over and above the guideline range," the judge, invoking four of the § 3553(a) factors, noted that his aim in imposing the sentence was to protect the public, deter appellant and others, and ensure that Brown was adequately punished for the seriousness of his conduct. *Id.* at 143. Observing that "this is not conduct we normally get around here," *id.*, the trial judge said:

> Here we have the Internet, interstate transmission of these images. We have that combined with what I've referred to as predatory conduct i.e., reaching out to others to help them – to use them to help you find access to minor children. And what makes it even more unusual as a case there's actual, actual abuse of children that occurred here. And not just once, over a period of time.

*Id.* at 143-44. The trial judge concluded, stating that "if ever there was a case . . . . that required at a minimum the high end of the guideline range if not a variance," this is it. *Id.* at 144.

Turning to the request for a below-Guidelines variance, the trial judge advised Brown that his counsel had "ask[ed] for the moon" in seeking such a sentence. Nevertheless, the judge noted that Brown should give his counsel credit for getting "such a good deal." *Id.* at 144-45. The trial judge stated that, as he saw it, Brown should be pleased because defense counsel had locked the Government into arguing for a low-end sentence, the Virginia authorities had passed on

9

prosecuting him, and the low end of his newly calculated Guidelines range was 97 months. *Id.* at 144-45.

At this point, the judge again listed the four § 3553(a) factors on which he was relying and pointed out that appellant's conduct was "very serious." *Id.* at 145-46. Without further reference to the particulars of Brown's conduct or the conduct accounted for by the applicable Guidelines calculation, the District Court stated:

> In my judgment, this is one of those unusual cases that requires a variance upward. In my judgment, 121 is not enough. A higher sentence is warranted here to reflect the seriousness of your conduct, to punish you appropriately, to protect the public and to deter others who may be similarly inclined.

*Id.* at 146. The judge then imposed a 144-month prison term, 47 months in excess of the jointly requested low end of the Guidelines range and 23 months in excess of the high end. *Id.*

The trial judge signed a Statement of Reasons form the next day. On the form, under "Reason(s) for Sentence Outside the Advisory Guideline System," the judge checked four boxes to indicate that he had taken into account the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), and (a)(2)(C). Under the subsection titled "Explain the facts justifying a sentence outside the advisory guideline system," the trial judge simply stated: "Defendant transmitted child pornography interstate via the internet; engaged in predatory behavior; and had actual hands-on victims. Court also referred to pertinent factors under 18 USC § 3553(a)." Statement of Reasons, *reprinted in* J.A. 81. The space available on the form for the judge to offer "Additional Facts Justifying the Sentence in This Case" is blank. *Id.* at 82.

10

## II. Analysis

### A. Standard of Review

As a result of the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Gall v. United States*, 552 U.S. 38 (2007), we review District Court sentences pursuant to a two-step analysis. *See In re Sealed Case*, 527 F.3d at 190-91. First we determine whether the District Court committed significant procedural error. *See id.* at 190. Only if there is no such error, do we consider the overall reasonableness of the sentence in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *See id.* at 191. There is no preservation requirement for reasonableness review. *See United States v. Bras*, 483 F.3d 103, 113 (D.C. Cir. 2007). However, claims of procedural error, if not preserved, are reviewed under the four-part plain error test. *See Akhigbe*, 642 F.3d at 1085-86.

### B. The District Court's Understanding of the Applicable Offense Characteristics

Brown's first procedural claim, which was properly preserved, is that the trial judge did not understand which specific offense characteristics were included in the Guidelines calculation to which the parties stipulated in the second plea agreement. Br. for Appellant at 5, 9-10; *see also* Reply Br. for Appellant at 13-15. In support of this argument, Brown relies primarily on two statements made by the District Court during the sentencing hearing. *See* Reply Br. for Appellant at 13-15. Near the beginning of the hearing, the trial judge attributed the wrong value to the properly removed four-level masochistic materials offense characteristic, referring to the enhancement that was "taken away" as the

11

"five credit enhancement." Sent. Tr., J.A. 114. Similarly, near the end of the hearing, the trial judge incorrectly identified the five-level pattern of activity offense characteristic that was properly included in the calculation as the "four-point enhancement." *Id.* at 153.

While these statements suggest some confusion on the part of the trial judge, the Statement of Reasons form clarifies his understanding. Typed on the form is the sentence: "Court found that the 4 level enhancement, pursuant to USSG § 262.2(b)(4) does not apply." Statement of Reasons, J.A. 79. Although the reference should have been to Guidelines § 2G2.2(b)(4), not § 262.2(b)(4), this statement supports the conclusion that the court understood that it was the four-level masochistic materials offense characteristic, not the pattern of activity characteristic, that was removed from the corrected Guidelines calculation. We therefore reject appellant's first procedural challenge to the sentence.

## C. The Adequacy of the District Court's § 3553(c)(2) Statements

Appellant did not preserve a claim that the District Court failed to adequately explain its above-Guidelines sentence. Therefore, our review is pursuant to the four-part plain error test. *Akhigbe*, 642 F.3d at 1085-86. Under this test, appellant must show: "(1) there is in fact an error to correct; (2) the error is plain; (3) it affects substantial rights; and (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted). Reviewing the sentencing proceedings as a whole, including the arguments of the prosecutor and defense counsel as to why a 97-month sentence was appropriate in light of the § 3553(a) factors, we conclude that the District Court plainly erred in failing to

12

provide adequate in-court and written explanations of the unsought above-Guidelines sentence.

During his in-court explanation of the sentence, the trial judge several times asserted that he was imposing an above-Guidelines sentence "to reflect the seriousness of [Brown's] conduct, to punish [Brown] appropriately, to protect the public and to deter others who may be similarly inclined." Sent. Tr., J.A. 146; *see also id.* at 143, 145-46. "But mere recitation of . . . § 3553(a) factor[s] without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *Akhigbe*, 642 F.3d at 1086 (citation omitted). Moreover, contrary to our instruction in *Nicely*, and in direct contradiction to § 3553(c)(2), the District Court never articulated the "'specific reason'" why he found Brown's "conduct . . . more harmful or egregious than the typical case" accounted for in the properly calculated Guidelines range of 97 to 121 months. *Nicely*, 492 F. App'x at 121 (quoting 18 U.S.C. § 3553(c)(2)). Nor could it, at least based on the descriptions of Brown's criminal conduct contained in the in-court and written explanations of the sentence.

The spare and unparticularized characterization of Brown's conduct that the judge offered during his in-court explanation closely tracks the code provision to which Brown pled, 18 U.S.C. § 2252A(a)(2), and two of the specific offense characteristics included in his Guidelines calculation – § 2G2.2(b)(5) (a pattern of activity involving the sexual abuse or exploitation of minors) and § 2G2.2(b)(6) (use of a computer). And the trial judge's unparticularized references to "actual abuse of children" and "predatory conduct" provide no basis for suggesting why the conduct described was more harmful or egregious than that accounted for in the Guidelines calculation, let alone why that conduct merited a sentence 23

13

months in excess of the high end of the applicable Guidelines range.

"Sexual abuse or exploitation," as used in § 2G2.2(b)(5), is defined, in part, by reference to a list of federal criminal offenses, some of which include "actual" (hands-on) "abuse of children." *See* Application Note 1 to § 2G2.2 Guidelines Manual (Nov. 1, 2012) [hereinafter "Application Note 1"] (defining "[s]exual abuse or exploitation" as including, for example, 18 U.S.C. § 2241(c) (Aggravated Sexual Abuse with Children) ("Whoever . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . .")). And predatory crimes – defined as "crime[s] that involve[] preying upon and victimizing individuals," BLACK'S LAW DICTIONARY (10th ed. 2014) – aptly describes all of the offenses which define the § 2G2.2(b)(5) offense characteristic. *See* Application Note 1 (defining "[s]exual abuse or exploitation" by reference to federal offenses included within U.S. Code, Title 18, ch. 117 (Transportation for Illegal Sexual Activity and Related Crimes); ch. 110 (Sexual Exploitation and Other Abuse of Children); and ch. 109A (Sexual Abuse)). Similarly, the District Court's unparticularized reference to abuse "over a period of time" provides no basis for suggesting that Brown's behavior was more egregious than that captured in § 2G2.2(b)(5) because, as defined in the Guidelines, a pattern of abuse or exploitation necessarily includes actions over some period of time. *See* Application Note 1 (defining the two or more instances of abuse or exploitation necessary to form a "pattern" as "separate instances" of misconduct).

The District Court's comment that the combination of behaviors to which Brown pled is "not conduct we normally get around here" is equally unenlightening in terms of explaining why Brown's conduct was more egregious or

14

harmful than that accounted for by the applicable Guidelines calculation. Most obviously, this is because, as noted, the 97 to 121 month Guidelines range accounts for all of the criminal conduct described by the trial judge in justifying the above-Guidelines sentence. In addition, however, the District Court employed the wrong measure of atypical conduct. It is the § 3553(a)(4) Guidelines calculation for the applicable category of offense committed by the applicable category of defendant, not the individual judge's experience in his or her district, that provides the bench mark for assessing whether criminal behavior merits an upward variance under the § 3553(a) sentencing factors. *See Nicely*, 492 F. App'x at 121 (citing 18 U.S.C. § 3553(c)(2); *Akhigbe*, 642 F.3d at 1086; and *In re Sealed Case*, 527 F.3d at 192).

In *Akhigbe*, we said that when observations about an offense "apply equally to any defendant convicted of th[at] offense," those observations "provide no individualized reasoning as to why . . . a sentence . . . above the Guidelines range [is] appropriate for th[e] particular defendant." *Akhigbe*, 642 F.3d at 1086. Applying the logic of that reasoning here, we do not see how the trial judge's in-court description of Brown's conduct (which includes no particulars distinguishing that conduct from conduct encompassed within the base offense and specific offense-characteristic enhancements comprising his Guidelines calculation) can demonstrate that Brown's behavior was more egregious than that accounted for in the 97 to 121 month Guidelines calculation.

To be sure, "it is not error for a district court to enter sentencing variances based on factors already taken into account by the Advisory Guidelines." *United States v. Ransom*, 756 F.3d 770, 775 (D.C. Cir. 2014) (citation omitted). However, in doing so, the District Court must

demonstrate how the case before it is one with respect to "which the Guidelines do not fully account for those factors." *Id.* (citation omitted). In *Ransom*, we upheld an above-Guidelines sentence for a defendant who operated a property management company that embezzled from its clients. The trial judge's in-court and written explanations for the above-Guidelines sentence, which were "extensive and individualized," relied, among other things, on the fact that Ransom was on probation for embezzlement when he committed the offense for which he was being sentenced. *Id.* at 774. On appeal, Ransom argued that in justifying the variance on this ground, the District Court committed both procedural and substantive error when it failed to take into account that the Guidelines calculation included a two-point increase because Ransom had committed the crime for which he was being sentenced while on probation. *See id.* at 773, 775. We rejected Ransom's argument because the trial judge's comments made plain that the two-point increase did not account for the fact that the offense for which Ransom was on probation involved the same type of embezzlement scheme, committed with the same partner, as the embezzlement scheme for which he was being sentenced. *See id.* at 774, 775.

Here, in contrast, the District Court's in-court justification provided no explanation as to why the Guidelines calculation applicable to Brown does not fully account for the described criminal conduct. Nor did the District Court offer any factual findings about Brown – no information regarding his history or characteristics beyond that captured in the description of his criminal conduct – on which it might have relied to explain why the Guidelines do not fully capture Brown's criminal behavior. Moreover, the District Court's in-court explanation of the sentence included no findings with respect to Brown's victims that the court might have used to

explain why Brown's behavior was not fully accounted for by the recommended Guidelines range.

The District Court's written statement is even less informative than its in-court explanation of the above-Guidelines sentence. This is a serious problem because the trial judge's in-court statement is, itself, insufficient.

It is fair to say that the two sentences offered by the trial judge in the Statement of Reasons form are very nearly devoid of individualization and analysis. The District Court provides not an iota of information as to how it assessed Brown's conduct within the framework provided by the cited § 3553(a) factors. And, like the in-court justification, the District Court's written rationale incorporates no information about Brown beyond a brief characterization of his criminal conduct. Neither does the written statement include any particularizing information regarding Brown's victims on the basis of which the trial judge might have justified the conclusion that Brown's behavior was worse than that typical of defendants who, as part of a pattern of sexually abusing or exploiting minors, distribute child pornography. Standing on its own, as it must under § 3553(c)(2), the District Court's written statement entirely "fail[s] to discuss meaningfully the particular defendant and his particular crime." *Akhigbe*, 642 F.3d at 1087. Thus, it does not serve the "important purpose[]" of "ensur[ing] a sentence [that] is well-considered." *Id.*

The Government suggests that the District Court may have imposed an above-Guidelines sentence to compensate for the "benefits" that appellant received as a result of the declination of prosecution by Virginia authorities and the lower Guidelines range applicable after the masochistic materials offense characteristic was properly removed from

17

the calculation. *See* Gov. Br. at 21, 25-26. The District Court, however, made no mention of these considerations in its written statement. While the judge did reference them during his in-court explanation, he did so only in the context of explaining to Brown what a good deal he was getting, despite the denial of a downward variance. *See* Sent. Tr., J.A. 144-45. The trial judge never discussed the declination of prosecution or the change in the Guidelines range within the framework of the § 3553(a) factors, and he never stated that he was imposing an above-Guidelines sentence because of these considerations.

In both its in-court and written explanations, the District Court listed the § 3553(a) factors informing its thinking and provided a brief and unparticularized description of Brown's criminal conduct. But in neither statement did the court explain (let alone explain with specificity) why Brown's conduct, assessed in light of the § 3553(a) factors, was more harmful or egregious than that addressed by the properly calculated Guidelines range. Moreover, the District Court never in any way addressed its particular choice of a sentence – one that exceeds the high end of the Guidelines range by 23 months and the term of imprisonment sought by the Government by 47 months. Without an explanation of the "'degree of the variance,' *Gall*, [552 U.S. at 50][, s]o far as we can tell, the district judge's choice of [144 months] was arbitrary." *In re Sealed Case*, 527 F.3d at 192. As in *Akhigbe*, we find that, while the District Court's in-court and written statements "recite sentencing factors[,] . . . contrary to section 3553(c) and controlling case law, [those statements do not] explain[] why those factors justified [Brown's] particular sentence." *Akhigbe*, 642 F.3d at 1086. As such, both are clearly insufficient and independently amount to plain error.

As we explained in *Akhigbe* and *In re Sealed Case*:

18

> The district court's failure to explain adequately the sentence it imposed is "prejudicial in itself because it precludes appellate review of the substantive reasonableness of the sentence, thus seriously affect[ing] the fairness, integrity, or public reputation of judicial proceedings." Furthermore, a satisfactory statement of reasons is essential "to promote the perception of fair sentencing" and to allow "the public to learn why the defendant received a particular sentence."

*Id.* at 1087-88 (alteration in original) (quoting *In re Sealed Case*, 527 F.3d at 193).

### III. Conclusion

We hereby vacate the sentence and remand for resentencing in adherence with the principles stated above.

SENTELLE, *Senior Circuit Judge*, dissenting: While I agree with the majority's description of the facts and history of this case, I find that I am unable to join the majority's conclusion. This appears to me to be one of the not unusual cases which is determined by the standard of review. As the majority acknowledges, in this case the standard of review is plain error. However, I do not agree with the majority that the application of that standard demands reversal.

As the majority acknowledges, appellant did not preserve the alleged errors in the district court. That is why our review is under the plain error standard. As the majority agrees, under that standard

> appellant must show: "(1) there is in fact an error to correct; (2) the error is plain; (3) it affects substantial rights; and (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings."

Maj. Op. at 11 (quoting *United States v. Akhigbe*, 642 F.3d 1078, 1085-86 (D.C. Cir. 2011)).

Even conceding that appellant has shown error, I do not see that the error is plain, affects substantial rights, or seriously affects the fairness, integrity, or public reputation of judicial proceedings. The errors alleged by appellant and recognized by the majority focus on the significance or clarity of various statements by the court in the sentencing proceedings. Granting that these might benefit from a clearer record, that appears to me to be precisely what the requirement for raising the error in the court of first instance is designed to provide. That is to say, we are giving the record only plain error review precisely because defendant appellant did not give the trial court the opportunity to clarify its statements at the trial level. I do not see the sort of plainness of error that should survive the litigant's failure to

2

provide the trial court that opportunity.

I will agree that in the broadest sense if there is an error, it could affect substantial rights of the defendant, although a sentence which appears sustainable upon an adequate record may not affect those substantial rights very much. I certainly do not see how on the complete record as it now stands, the fairness, integrity or public reputation of the proceedings is in danger.

Therefore, although I fully respect the concerns of my colleagues, I cannot agree that appellant has established a right to relief under the plain error standard.